UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THOMAS ACEVEDO, JOHN HIDDESON,
ROBERT E. WOOD, MANUEL MERCADO,         08-CV-1472 (GBD)
HUBERT L. TOUSSAINT, STEVE PALOMIA,
and MICHAEL J. HAWKINS,

                Plaintiffs,
                                                **ANSWER**

   -against-

CHEVROLET-SATURN OF HARLEM,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant, Chevrolet-Saturn of Harlem ("Defendant" or "CSH"), by and through its attorneys, Farrell Fritz, P.C., hereby answers the Complaint, as follows:

       1.     Denies the allegations in paragraph 1 of the Complaint as such allegations consist of legal conclusions and argument to which no response is required.

       2.     Denies the allegations in paragraph 2 of the Complaint as such allegations consist of legal conclusions and argument to which no response is required.

       3.     Admits Plaintiffs filed a timely charge with the Equal Employment Opportunity Commission and received a "Right to Sue" letter dated November 15, 2007, but, except as so stated, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

       4.     Re-alleges and incorporates by reference its answers to paragraphs 1 through 3 of the Complaint as if fully set forth herein.

       5.     Denies the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. The Complaint fails, in whole or in part, to state a claim upon which relief may granted under any of the federal statutes, state statutes or municipal codes cited.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Defendant CSH relied on legitimate, nondiscriminatory factors other than age in its treatment of Plaintiffs.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Plaintiffs failed to mitigate some or all of their alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. Compensatory, punitive and liquidated damages are not available on certain of Plaintiffs' claims in this action and/or Defendant's conduct did not rise to the level of culpability required to justify an award of such damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. Plaintiffs are not entitled of an award for attorneys' fees or costs based on the frivolous nature of this suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. Because no discovery has been taken at this stage of the case, Defendant's reserve the right to file and serve additional defenses, as appropriate.

WHEREFORE, Defendant CSH respectfully requests that the relief sought by Plaintiffs be denied in all respects and that the Complaint be dismissed with prejudice in its entirety, and that Defendant CSH be awarded costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated:   Uniondale, New York
         April 11, 2008

                                        FARRELL FRITZ, P.C.


                                        By:   /s/
                                              Steven N. Davi (SD 2131)
                                              *Attorneys for Defendant*
                                              1320 Reckson Plaza
                                              Uniondale, New York  11556
                                              (516) 227-0700


TO:   Peter S. Gordon, Esq.
      *Attorneys for Plaintiffs*
      108-18 Queens Boulevard
      Forest Hills, NY 11375